IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KERI HICKEY**  **PLAINTIFF**
**#215731**

V.  NO. 4:22-cv-00933-JM

**HIGGINS,** *et al.*  **DEFENDANTS**

## ORDER

Paul Criswell, an inmate at the Pulaski County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on behalf of himself and 45 other inmates, including Plaintiff Keri Hickey. *Doc. 1*. Pursuant to Court policy, the Court opened 46 different lawsuits, including this one for Mr. Hickey.

In the original complaint, Mr. Criswell alleges that: (1) the conditions of *his* confinement were unconstitutional; (2) Detention Center staff interfered with the inmates' right to practice their religion; and (3) Detention Center staff denied inmates showers, outdoor recreation, access to mail, and access to the law library. The original complaint includes no allegations about how the named Defendants violated *Mr. Hickey's* constitutional rights, which is the only issue in this lawsuit.

Therefore, on October 24, 2022, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[1] to provide Mr. Hickey 30 days to file an amended complaint clarifying *his* constitutional claims. *Doc. 4*.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft*

In its previous Order, the Court instructed Mr. Hickey that, if he filed an amended complaint, he should specifically: (1) include only those constitutional claims arising from the same transaction or occurrence; (2) identify and name as Defendants those individuals who *personally* violated his constitutional rights; and (2) explain the injury he suffered as a result of each Defendant's unconstitutional conduct. The Court explained that Mr. Hickey can proceed only on the alleged constitutional violations *he personally experienced.* In a prisoner civil rights action, he may not assert claims on behalf of others. See *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); 28 U.S.C. § 1654 (parties must "plead and conduct their own cases personally or by counsel"). Finally, the Court cautioned Mr. Hickey that, if he failed to file an amended complaint, the Court would have to screen the original complaint, which would likely result in the dismissal of this lawsuit.

To date, Mr. Hickey has not filed an amended complaint, and the time for doing so has passed. Accordingly, the Court must screen the claims raised in the original complaint. Based on the allegations in the original complaint, Mr. Hickey has failed to state a plausible claim that *his* constitutional rights have been violated.

IT IS THEREFORE ORDERED THAT:

1. The Court withdraws the reference

2. Mr. Hickey's complaint is DISMISSED, without prejudice.

3. The Court recommends that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certifies that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk is instructed to close this case.

---

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Dated this 28th day of November, 2022.

                                                                                                _____
UNITED STATES DISTRICT JUDGE